Hay, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff against the United States for the sum of $67,984.68.
*629 On September 4, 1917, the plaintiff entered into a written contract with the United States whereby it agreed to furnish the laundry facilities to properly handle all of the laundry work for the United States Government and the officers and soldiers at the National Army cantonment at Atlanta, Georgia, and to do said work to the satisfaction of the commanding officer of said cantonment at rates specified in a schedule annexed to the contract.
The United States agreed on its part to provide a suitable building with a floor space of not less than 7,500 square feet for a central receiving and distributing station within the cantonment reservation, which ivas to have been suitably lighted and heated by the Government.
This suit is based upon a claim by the plaintiff that prior to the execution of the contract it was informed by the contracting officer that there would be $12,000 worth of business a week. The amount of work to be performed per week was discussed between the plaintiff and the contracting officer, but when the contract was executed by the parties it contained no guaranty of how much business the plaintiff was to receive. It is not contended by the plaintiff that it even requested the inclusion in the contract of any obligation on the part of the Government to furnish any given amount of work. The United States knew no more about the probable volume of work than did the plaintiff. Their opportunities for information on this matter were equal. It appears that the secretary for the plaintiff, one of those who signed the contract and who was most active in procuring it, stated: “ They left the guaranty out of the contract, and we did not put in anything about the facilities we should have.” It would seem that the omission of any guaranty on the part of the United States of a particular volume of work was traded for the omission of any obligation on the part of the contractor to provide any particular facilities.
As a matter of fact the Government did not guarantee any particular volume of work and the contractor did not furnish the facilities, the work being done by certain Atlanta laundries under an agreement with the plaintiff.
The plaintiff contends that it was forced by one Colonel Shelby to abandon profitable contracts which it had made *630 with certain laundries in Atlanta, and that the said Shelby demanded that arrangements should be made lor a volume of business of $12,000 per week. The contract in this case contains no provision whereby Colonel Shelby had any power to determine what facilities the plaintiff should provide. The plaintiff had under the contract to provide adequate facilities, and it was the judge as to what facilities were adequate for the performance of its contract. If the plaintiff chose to accept the opinion of Colonel Shelby it assumed the risk, and it can not expect the United States to compensate it for its own mistake.
While the item of the demand which asserts a claim against certain officers and men may be just as against them, it is not enforceable against the United States. The contract contains no provision which makes the United States responsible for these claims. The item of excess cost of bond is not allowable. The plaintiff contracted to give a bond in the penal sum of $25,000, conditioned upon its faithful performance of the contract. There is no provision in the contract which in any way binds the United States to pay the premium on this bond. The item of $42,191.69 loss of profits is not allowable. The plaintiff did not perform its contract but voluntarily abandoned it.
It appears that the United States delayed for two months to provide a suitable building for a central receiving and distributing station as provided for in paragraph 3 of the contract. It also appears that by reason of this delay the plaintiff was obliged to employ extra men and facilities and expended the sum of $2,620 over and above what it would have had to expend had the United States not delayed in performing its contract. We are of opinion that the plaintiff is entitled to recover the sum so expended, and have directed that judgment shall be entered in accordance with this opinion.
Moss, Judge; Booth, Judge; and Campbell, Chief Justice, concur.
GRAHAM, Judge, took no part in the decision of this case.